IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COREY JERRY PRITCHETT,

        Plaintiff,

v.

NURSE GRUENWALD, et al.,

        Defendants.

Case No. 2:13-cv-00896-BR

ORDER

BROWN, Judge.

    Plaintiff, an inmate at the Two Rivers Correctional Institution ("TRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the Court is Plaintiff's "Motion for Restraining Order Temporary & Preliminary Injunction" (#3). For the reasons that follow, the Court DENIES Plaintiff's motion.

### BACKGROUND[1]

    Plaintiff is diabetic and a kidney patient who has been on dialysis at TRCI since December 2010. Dr. Thayler, an outside

---

[1] Except where otherwise indicated, the facts are taken from Plaintiff's verified Complaint.

1 - ORDER -

consultant who personally visits and treats all TRCI dialysis patients once a month, entered an order that Plaintiff should receive double trays at meal-times.

On December 11, 2012, Dr. Thayler informed Plaintiff that Nurse Gruenwald ordered Plaintiff's double trays discontinued. Dr. Thayler informed Plaintiff the reason Nurse Gruenwald discontinued his order for double trays was because Plaintiff was observed giving away his extra food. Plaintiff explained to Dr. Thayler that he did give away high sugar foods, because he was medically unable to eat them, but that he did eat the other foods. Plaintiff also explained that eating the extra food had allowed him to gain weight for the first time.

On January 3, 2013, Plaintiff filed a grievance against Nurse Gruenwald in which he stated he had lost 10 pounds since the double trays were discontinued. *See* Declaration of Michael R. Washington in Support of Defendant's Response to Plaintiff's Motion for Restraining Order, Temporary and Preliminary Injunction (Doc. #23) (hereafter "Washington Decl."), Exh. 1. In the Grievance Response Form he received back, Defendant Nurse Perkins stated:

> This letter is in response to the grievance noted above in which you ask to have your double portions restored as written by Dr. Thayler or a hearing. You also ask for financial compensation for weight loss, pain, and suffering. The orders of outside physicians are reviewed and approved or not approved by the providers here who know our patients best. There is no indication

2 - ORDER -

in your medical record that you have lost weight. Health Services does not conduct hearings. Financial compensation is managed through the tort process, not the grievance process.

Washington Decl., Exh. 2.

On January 13, 2013, Plaintiff filed his first appeal from Nurse Perkins' response to his grievance. Plaintiff claimed Defendant Gruenwald should not have interfered with Dr. Thayler's directive that he receive double meals; health services denied him due process by not providing him with a hearing before taking the extra meals away; and, that medical staff did not check his weight loss on the dialysis record, which shows weight loss in the last month. Washington Decl., Exh. 3. On January 25, 2013, Dr. Steve Shelton responded to Plaintiff's first grievance appeal, stating:

> Dr. Thayler's orders are reviewed and approved by Oregon Department of Corrections (ODOC) providers. Our providers often know the patients here very well and know their issues and history better than consulting physicians do. Ms. Gruenwald is not interfering with his orders, it is her job to review and approve them.
>
> You state that your dialysis records show a weight loss. After consulting with dialysis, it appears that your weight fluctuates a few pounds up and down all the time and that recently there was even a small weight gain. There is nothing to indicate that you need extra portions of food.

Washington Decl., Exh. 4.

On February 17, 2013, Plaintiff filed his second grievance appeal. Washington Decl., Exh. 5. Plaintiff stated Nurse Gruenwald is not a kidney doctor and her review of his special

3 - ORDER -

diet of double meals was based on a rumor. *Id.* Plaintiff also claimed that his weight in November when he was double meals was 77.5 kilograms, and in February it was 73 kilograms, over a ten pound loss. *Id.* Plaintiff also claimed he was being treated differently from other similarly situated dialysis patients who continued to receive double trays and that Nurse Gruenwald was retaliating against Plaintiff because of complaints he had filed against her. *Id.*

On March 4, 2013, Assistant Director of the Operations Divisions, Michael Gower, responded to Plaintiff's second appeal. Mr. Gower stated:

> In your previous grievance appeal, Dr. Shelton explained conversations with dialysis staff have shown you are not losing weight.
>
> You state Ms. Gruenwald is not a kidney doctor; she is one of the providers who is responsible to validate the orders written by consulting providers. As was explained to you, this is done because the providers here know your overall care and know the rules of the DOC better.
>
> You also state you are being treated differently than other dialysis inmates. This is not true. We do not order double portions unless we can consistently document the need for them. There is no medical indication at this time for you to have double portions.

Washington Decl., Exh. 6.

On May 29, 2013, Plaintiff filed his Complaint and Motion for Restraining Order, Temporary and Preliminary Injunction (hereafter "Motion") in this Court. Plaintiff's Complaint alleges, *inter*

4 - ORDER -

*alia*, a claim that Defendant Nurse Gruenwald violated Plaintiff's right to be free from cruel and unusual punishment when she discontinued Dr. Thayler's order that Plaintiff should receive double meal trays. Plaintiff's Motion seeks an Order enjoining Defendants from interfering with Dr. Thayler's directives for Plaintiff's medical condition and any other treatment for Plaintiff's condition. In his Declaration in support of his Motion, Plaintiff states:

> Because of [Defendant Gruenwald's] actions I am suffering ongoing health hazard and harm, weight loss of over 10 pounds (which is significant for me), loss of energy, pain and suffering and mental distress and other medical problems.

Plaintiff's Declaration in Support of Motion (Doc. #5), p. 2.

### LEGAL STANDARDS

A party seeking a preliminary injunction must demonstrate: (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008). "The elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131

5 - ORDER -

(9th Cir. 2011) (citing *Winter*, 129 S.Ct. at 392). Accordingly, the Ninth Circuit has held "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*.

"An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 129 S.Ct. at 376, 381. Ordinarily, a preliminary injunction maintains the status quo pending a final decision on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A "mandatory injunction" altering the status quo by granting, before trial, the very relief sought in the action is appropriate only in extraordinary circumstances. *LGS Architects, Inc. V. Concordia Homes of Nevada*, 434 F.3d 1150, 1158 (9th Cir. 2006), *overruled on other grounds*, *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976 (9th Cir. 2011).

### ANALYSIS

In order to prevail on an Eighth Amendment claim for the denial of adequate medical care, Plaintiff must prove that Defendants were deliberately indifferent to his serious medical

needs. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay or intentionally interfere with medical treatment. *Lopez*, 203 F.3d at 1131; *Jackson v. Mcintosh*, 90 F.3d 330, 332 (9th Cir. 1996).

The indifference to medical needs must be substantial. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Inadequate treatment due to malpractice or even gross negligence does not constitute an Eighth Amendment violation. *Id.*; *Lopez*, 203 F.3d at 1131. Similarly, a difference of medical opinion between a prisoner and his treating physicians regarding the appropriate course of treatment does not amount to deliberate indifference. *Jackson*, 90 F.3d at 332.

On the record currently before the Court, Plaintiff fails to establish a claim that the discontinuation of Dr. Thayler's double tray order rises to the level of deliberate indifference to a serious medical need. While Plaintiff states he has lost weight and suffered pain and other medical problems since Defendant Gruenwald discontinued the double trays, Plaintiff submits no evidence in support of this statement. Moreover, the evidence submitted by Defendants, while it does not contain any actual medical or other records of Plaintiff's status following the

7 - ORDER -

change in meal orders, suggests Plaintiff's claim of weight loss may be exaggerated.

In the absence of any concrete evidence of a serious medical need, Plaintiff has not established either that he is likely to suffer irreparable harm or a likely of success on the merits of his claim. Accordingly, an injunction requiring Defendants to reinstate Dr. Thayler's double tray order is not warranted.

## CONCLUSION

For these reasons, the Court DENIES Plaintiff's Motion For Restraining Order, Temporary & Preliminary Injunction (#3).

IT IS SO ORDERED.

DATED this 15th day of October, 2013.

_____
ANNA J. BROWN
United States District Judge